# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**HENRY LONZO BOONE**                                                                           **PLAINTIFF**

**v.**                                                           **No. 4:09CV131-A-S**

**CHRISTOPHER EPPS, ET AL.**                                                  **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Henry Lonzo Boone ("Boone"), who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

Boone has been a smoker for forty-five years. If he does not smoke for thirty minutes, he experiences withdrawal symptoms. He has, however, been placed in a medical unit where smoking is not permitted, even though his condition would not be aggravated by smoking. Boone argues that his addiction is so strong that he cannot resist it – and thus breaks prison rules by smoking in the medical unit. He purchases cigarettes on the black market and smokes them in the medical unit. Inmates in the medical unit have threatened Boone with harm for smoking there, and have attacked Boone and injured his arm. Boone continues to smoke in the unit despite the attack – and has received four or five rule violation reports for smoking there. He claims that prison policy requires the prison to provide him with materials to help him break his addiction to cigarettes, but he has not received those materials. He seeks placement in a smoking unit and damages for the suffering he has endured from nicotine withdrawal, including elevated blood pressure and migraine headaches.

**Discussion**

First, Boone's claim regarding his housing classification fails. Inmates have neither a protectable property nor liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); MISS. CODE ANN. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). As such, this claim will be dismissed.

Boone also alleges that his housing assignment has caused him medical problems – a claim that he has been denied proper medical treatment for his addiction to cigarettes. To state a claim for violation of the Eighth Amendment prohibition against cruel and unusual punishment for denial of medical care, Boone must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

Boone's allegations simply do not meet this rigorous standard. He has been placed at the medical unit where smoking is not allowed. The court can identify no right to smoke in prison, whether a prohibition on smoking causes withdrawal symptoms or not. As to the plaintiff's allegation that he has suffered complications (migraine headaches and high blood pressure) from nicotine withdrawal, he may seek medical treatment for those conditions. He has not, however, alleged that he has sought treatment for these conditions and has been denied. Finally, Boone has alleged that his decision to break prison rules by smoking has led to attacks on him by other inmates who do not want him to smoke in the medical unit. His choice to violate prison rules repeatedly has caused this problem. Given his allegations, he may end these altercations at any time by following the rules – by not smoking. Likewise, he has not alleged that he has requested placement in protective custody and has been refused. In sum, the plaintiff's allegations will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 5th day of March, 2010.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**